UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JERRY E. JOHNSON,

          Plaintiff,

   v.

ALESSIA MOORE, et. al.,

          Defendants.

Case No. 2:18-cv-02427-RFB-VCF

**ORDER**

## I.    INTRODUCTION

Before the Court for consideration are Defendants' motion for summary judgment, ECF No. 50, and Plaintiff's motion for summary judgment, ECF No. 54.

## II.    PROCEDURAL BACKGROUND

This matter arises from a civil rights complaint pursuant to 42 U.S.C. § 1983 for two conditions of confinement claims involving the sanitation conditions of High Desert State Prison ("HDSP"). Plaintiff filed an Application for Leave to Proceed in Forma Pauperis on December 12, 2018. ECF No. 1-1. He attached his proposed Complaint to his application, in which he names three defendants: (1) Caseworker Alessia Moore, (2) Corrections Officer Randolph Moye, and (3) Warden Brian Williams. ECF No. 1-1.

On February 22, 2019, Johnson filed a Motion for Preliminary Injunction. ECF No. 3. Defendants filed a response on March 1, 2019. ECF No. 5. Johnson replied on March 19, 2019. ECF No. 7. On June 14, 2019, the Court held a hearing on the preliminary injunction. At the

hearing, the Court denied the injunction and gave the plaintiff leave to file an amended complaint. ECF No. 10.

The amended complaint was filed on June 14, 2019, ECF No. 11, and then screened, ECF No. 12. Mediation was ordered and failed. ECF Nos. 15, 18. Defendants answered the complaint on May 1, 2020. ECF No. 21.

On March 18, 2021, Defendants filed a Motion for Summary Judgment. ECF No. 50. The motion was fully briefed on May 21, 2021. ECF No. 56, 61. On April 14, 2021, Plaintiff filed a Motion for Summary Judgement. ECF No. 54. That motion was fully briefed on May 13, 2021. ECF No. 57, 59.

On March 15, 2022, oral argument was held on these motions. This written order follows.

### III.   FACTUAL BACKGROUND

#### a.  Undisputed Facts

The Court finds the following facts to be undisputed.

##### i.  Short Term Confinement in Cell 9A

On April 12, 2018, due to a mass move of more than twenty inmates, Plaintiff was temporarily moved from his cell in Unit 10 to a cell in Unit 9. The mass movement involved Unit 9, as well as all other units at HDSP to varying degrees. Plaintiff, along with all other HDSP inmates, were locked down during the mass move. Johnson was housed in Cell 9A for four to five hours during the move. The move began at some point in late morning and lasted until the afternoon.

According to Plaintiff, Cell 9A contained urine, feces, blood, teeth, clogged vents, and dirt. Parties contest the extent of the contamination. At some point during the mass move, Plaintiff alerted Defendants Moore and Moye to the conditions in Cell 9A. It is also undisputed that a green

sponge and white powder to clean with were provided to Plaintiff by Defendants Moore and/or Moye at some point during his several hours in the cell.

Plaintiff contends the conditions of Cell 9A caused him to sustain a rash on his hands as well as mental and emotional damage. Plaintiff was provided with medications and treatment for a rash, emotional distress, anxiety, depression, and other psychological problems.

Plaintiff filed multiple grievances regarding the April 12, 2018, incident, up to and through the second level. His first two grievances were denied. He submitted his first grievance on April 17, 2018, which was denied for failure to provide any evidence that he was physically compromised or that a negative physical condition arose from the incident. He resubmitted his grievance on May 7, 2018, then alleging a physical condition regarding his skin itching and stating that he had submitted a medical request. This grievance was denied for exceeding the approved number of pages.

He resubmitted his informal grievance on May 17, 2018. It was denied. HDSP notified him that "due to mass movement to Unit 9 and across the institution, safety and security dictated that you needed to be locked down, along with all of the other inmates in the institution." He submitted his first level grievance on June 21, 2018, challenging the adequacy of the cleaning supplies he was provided on April 12, 2018. His grievance was denied. He submitted his second level grievance on August 2, 2018, which was denied.

ii.   General Lack of Cleaning Supplies

Plaintiff alleges that he and other inmates do not currently have cleaning products available to clean their cells. He alleges there is no policy in place regarding HDSP providing products to inmates to clean their cells. He alleges "[t]here are not enough mops, buckets, brooms, or other

cleaning instruments/supplies, nor enough staffing to clean each cell daily." As such, he has had to "hand sweep" and "hand mop[]" his floors.

### b. Disputed Facts

The parties dispute the type and extent of contaminants in Cell 9A.

## IV.    LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986). The substantive law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.  Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage.  Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

/ / /

/ / /

- 4 -

## V.     DISCUSSION

Plaintiff argues that Defendant failed to abide by the Eighth Amendment standard regarding conditions of confinement by housing him in a cell with, among other things, human fecal waste, urine, blood, and teeth. He also alleges that he is entitled to summary judgment on injunctive relief against Defendant Williams for his general failure to provide adequate cleaning supplies. Defendants argue that they are entitled to summary judgment because their actions do not support a finding under the Eighth Amendment standard. In the alternative, they argue that they are entitled to qualified immunity. Regarding the claim against Defendant Williams, they argue, among other things, that Plaintiff failed to exhaust his available administrative remedies and that, therefore, this claim cannot proceed.

### a.   Short-Term Confinement in Cell 9A

The Court first turns to the issue of Plaintiff's short-term confinement on April 12, 2018.

#### i.   The Eighth Amendment Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff argues that Defendant's conduct violates the Eighth Amendment. A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Ninth Circuit law has made clear that subjection of a prisoner to a lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment. See Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995); see also Weathers v. Loumakis, 742 Fed. Appx. 332, 333 (9th Cir. 2018) ("We made it clear decades ago

that the Eighth Amendment prohibits depriving inmates of "basic elements of hygiene"); Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985) ("Plumbing at the penitentiary is in such disrepair as to deprive inmates of basic elements of hygiene and seriously threaten their physical and mental well-being. Such conditions amount to cruel and unusual punishment under the Eighth Amendment.")

However, in order to meet the subjective prong of the Eighth Amendment test, a prison official must have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety. Id. Here, the undisputed facts demonstrate that neither Moore nor Moye acted out of "deliberate indifference" or with a "sufficiently culpable state of mind." They moved Plaintiff because they were effectuating a mass move in Unit 9. There is no evidence that they knew of the conditions of the cell to which Plaintiff was moved and then intentionally placed him into the cell. In his declaration, the Plaintiff himself reported that when he altered Moore and Moye to the conditions of his cell, they responded, "I know" and indicated that they had left cleaning supplies in the cell to ameliorate the problem. See ECF No. 54, Ex. A-3. They also attempted to secure further cleaning supplies, although it appears this effort was unsuccessful. Nothing in the undisputed facts on the record provide for a state of mind that would indicate deliberate indifference. Further, Plaintiff has not made allegations or provided any evidence that Moore and Moye had the authority to undertake any other course of action in the situation. In his declaration, he states that "Caseworker Moore stated it was ordered by Administration." ECF No. 54-1. Accordingly, the undisputed facts establish that Defendants were not deliberately indifferent and summary judgment is properly granted for the Defendants on Plaintiff's Eighth Amendment Claim.

/ / /

/ / /

- 6 -

### b. General Lack of Cleaning Supplies

Plaintiff alleges that Defendants are not following their own regulations and operating procedures regarding the availability of cleaning supplies in the facility. Defendants argue that summary judgment should be granted in their favor because of the Plaintiff's failure to exhaust administrative remedies.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Proper exhaustion requires the inmate to comply with administrative regulations and procedures. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

Per Administrative Regulation 740 (AR 740), NDOC has a 3-stage grievance process. See ECF No. 50-2, see also Howard v. Foster, 2:13-cv-01368-RFB-NJK, 208 F. Supp. 3d 1152 (D. Nev. Sept. 23, 2016). At step 1, the inmate may file an informal grievance that is reviewed and evaluated by an inmate caseworker. The informal grievance must be filed within one month of the alleged tort arising. At step 2, a "first level" formal grievance may be filed, in which the inmate appeals the decision on the informal grievance to the warden. At step 3, a "second level" grievance may be filed, in which the inmate appeals the first level decision to the assistant director of operations.

Here, it is undisputed that Plaintiff failed to comply with AR 740's procedural requirements by failing to submit even an informal grievance on this issue. He does not claim that he made any attempt to submit a grievance on this issue, nor is there any evidence of such an attempt. As a

result, Plaintiff has failed to exhaust on this claim, and summary judgment is properly granted to the Defendants on this claim.

**VI.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 50) is GRANTED in full consistent with this order. The Clerk of Court shall enter judgment in Defendants' favor.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Summary Judgment (ECF No. 54) is DENIED in full consistent with this order.

The Clerk of the Court is directed enter judgment in favor of the Defendants and to close this case.

**DATED**: March 27, 2022.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**